UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00161-FDW

| | |
|---|---|
| LISA L. LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees under 406(b) of the Social Security Act (Doc. No. 18). Defendant neither supports nor opposes the Motion. (Doc. No. 19).

The Social Security Act provides that a "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). However, if the Court has already awarded attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), counsel representing the claimant must refund to the claimant the smaller of the fees. See generally Stephens v. Astrue, 565 F.3d 131, 135 (4th Cir. 2009).

Upon review of a motion for attorney fees under section 406(b) seeking an award not in excess of 25 percent of the past due benefits, the Court reviews the contingency fee agreement between the claimant and counsel for reasonableness. See Mudd v. Barnhart, 418 F.3d 424, 428

(4th Cir. 2005). "[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Id. (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)).

In this matter, Plaintiff filed her Complaint for judicial review on October 9, 2014 pursuant to 42 U.S.C. § 405(g). Plaintiff filed her motion for summary judgment and supporting memorandum on March 25, 2015. On April 29, 2015, Defendant filed a consent motion to remand to the agency. The Court granted the consent motion to remand on April 30, 2015. Plaintiff also filed a consent motion for attorney fees of $3,412.75 under the Equal Access to Justice Act, which was granted on May 19, 2015.

On remand on September 12, 2017, it appears that the Social Security Administration awarded Plaintiff a total of $45,838.18 in past due benefits. (Doc. No. 18-1). Twenty-five percent of the past due benefits is $11,459.55. Plaintiff's counsel was awarded $6,000 for her work before the Social Security Administration. (Doc. No. 18-2). Plaintiff and Plaintiff's counsel have a contingency fee agreement pursuant to which any attorney fees award could not exceed 25 percent of the past due benefits. (Doc. No. 18-3). Plaintiff's counsel represented that she spent 18.25 hours in her representation of Plaintiff before this Court. (Doc. No. 16-1).

Having considered the Motion and the Record, the Court concludes that the request fee combined with the previously award fee of $6,000 does not exceed 25 percent of the past due benefits and the $5,459.54 fee is reasonable.

IT IS THEREFORE ORDERED that the Motion (Doc. No. 18) is GRANTED. The Court awards Plaintiff's counsel fees in the amount of $5,459.54 under 42 U.S.C. § 406(b). The Commissioner of Social Security is directed to pay Plaintiff's counsel the sum of $5,459.54 from Plaintiff's past due benefits. Upon receipt of the fee, Plaintiff's counsel shall reimbursed Plaintiff the sum of $3,412.75, representing the fee counsel previously received under 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Signed: October 24, 2017

Frank D. Whitney
Chief United States District Judge